UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

PHYLLIS SANDERS, DOUGLAS SANDERS,     **MEMORANDUM OF DECISION**
CRAIG SANDERS, MICHELLE SANDERS,     **AND ORDER**
and FRANCES SCHOR,     03-CV-5283 (DRH)(WDW)

                          Plaintiffs,

   -v.-

BRESSLER, AMERY & ROSS, P.C.,
DAVID W. REGER and JANE J. KIM,

                          Defendants.
_____

**Appearances:**

**For the Plaintiff:**
**Errol Blank, Esq.**
2 Crosfield Avenue
West Nyack, N.Y. 10994

**For the Defendants:**
**Kavanaugh Maloney & Osnato, L.L.P.**
415 Madison Avenue
New York, N.Y. 10017
By:    James J. Maloney

**HURLEY, District Judge:**

        Plaintiffs Phyllis Sanders, Douglas Sanders, Craig Sanders, Michelle Sanders, and Frances Schor ("Plaintiffs") bring this action for legal malpractice, breach of contract, and negligent misrepresentation against Defendants Bressler, Amery & Ross, P.C. ("Bressler"), David W. Reger ("Reger") and Jane J. Kim ("Kim") (collectively, "Defendants"). Defendants have moved to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). For the reasons that follow, Defendants' motion is granted and this case is dismissed in its entirety.

**BACKGROUND**

The facts of this case are detailed in the Court's prior decision, dated February 10, 2005, familiarity with which is presumed. Thus, the Court will only state the facts necessary for disposition of the instant motion.

Plaintiffs commenced this action on or about June 23, 2003, in the New York State Supreme Court, Nassau County. Thereafter, on October 21, 2003, Defendants filed a Notice of Removal and the case was removed here. The Complaint asserted three causes of action, to wit, legal malpractice, breach of contract, and negligent misrepresentation. By Memorandum of Decision and Order dated February 10, 2005, the Court granted Defendants' motion to dismiss the original Complaint for failure to state a claim under Rule 12(b)(6) and for failure to comply with Rule 9(b) and granted Plaintiffs leave to file an Amended Complaint. Thereafter, on March 28, 2005, Plaintiffs filed an Amended Complaint against all Defendants. It is this pleading which is the subject of the instant motion.

Essentially, Plaintiffs allege that defendant Bressler, a law firm, and Reger and Kim, a partner and associate thereof, committed legal malpractice arising out of their representation of Treeline Whitman Associates and Treeline Garden City Plaza, LLC (together "Treeline"). Specifically, Plaintiffs allege that in 2001, Treeline was engaged in two separate real estate transactions: the sale of commercial real property known as 33 Walt Whitman Road, Huntington, New York (the "Walt Whitman Property") and the purchase of commercial real property known as 100, 200, and 300 Garden City Plaza, Garden City, New York (the "Garden City Property"). (Am. Compl. ¶¶ 13–14.) Bressler was retained to obtain a "Prospective Purchaser's Agreement" ("PPA") between Treeline and the Environmental Protection Agency

("EPA") so as to avoid liability for any pre-existing environmental problems on the Garden City Land. (*Id.* ¶¶ 18-20.)

Plaintiffs allege that in order to avoid payment of real estate taxes on the gain realized from the sale of the Walt Whitman Property, Treeline sought to take advantage of 29 U.S.C. § 1031's "like-kind exchange" capital gains deferment. (*Id.* ¶¶ 13, 19.) Section 1031 allows a seller of real property who purchases a separate parcel of real property within the statutory time frame of one hundred and eighty days to defer the tax liability for any capital gains realized upon the sale of the real property. *See* 29 U.S.C. § 1031. Plaintiffs allege that "[o]ne of [Bressler's] duties was to ensure that a PPA . . . would be issued and effective prior to the expiration of the 180 day period provided by § 1031." (*Id.* § 20.) The crux of the allegations is that Bressler failed to timely obtain the PPA and, as a result, Treeline was unable to timely purchase the Garden City Land within the section 1031 statutory time frame and suffered financially. (*Id.* ¶¶ 22-33.)

Treeline and its owners, C. Glenn Schor, Stanley J. Sanders, and David Karmi have brought a separate action in this Court against Defendants to that effect. *See Treeline Whitman Associates, a Partnership, Treeline Garden City Plaza LLC, C. Glenn Schor, Stanley J. Sanders and David Karmi v. Bressler, Amery & Ross, P.C., David W. Reger and Jane J. Kim*, 02 CV 1658 (E.D.N.Y.). The instant Plaintiffs are "spouses or children of C. Glenn Schor and Stanley J. Sanders." (*Id.* ¶ 4.) Plaintiffs claim that their tax obligations were affected as a result of Defendants' actions in that they were required to pay taxes they would not otherwise have been required to pay. Plaintiffs also claim that because of Defendants' alleged malpractice, Plaintiffs had to pay $87,500 of their own funds to the EPA. (*Id.* ¶ 33.)

3

**DISCUSSION**

*I.      Standard of Review*

The court may not dismiss a complaint under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *King v. Simpson,* 189 F.3d 284, 286 (2d Cir. 1999); *Bernheim v. Litt,* 79 F.3d 318, 321 (2d Cir. 1996). The Court must accept all factual allegations in the proposed complaint as true and draw all reasonable inferences in favor of the plaintiff. *King*, 189 F.3d at 287; *Jaghory v. New York State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997).

Although a court in deciding a Rule 12(b)(6) motion is generally limited to considering the facts alleged in the complaint, a district court may also consider documents that are attached to, incorporated by reference in, or integral to the complaint. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002). Moreover, "[e]ven where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral to the complaint.'" *Id.* at 153 (quoting *International Audiotext Network, Inc. v. American Tel. and Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995)). Courts apply this exception where, as here, a plaintiff sues primarily on the basis of a document, such as a contract, and only attaches selected portions of that document, or fails to attach the document at all. *See International Audiotext Network,* 62 F.3d at 72; *see also Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) ("In addition, we have held that when a plaintiff chooses not to attach to the complaint or incorporate by reference a prospectus upon which it solely relies and which is integral to the complaint, the defendant may

4

produce the prospectus when attacking the complaint for its failure to state a claim, because plaintiff should not so easily be allowed to escape the consequences of its own failure.") (citing *I. Meyer Pincus and Assocs., P.C. v. Oppenheimer & Co.,* 936 F.2d 759, 762 (2d Cir. 1991)).

In the instant case, Plaintiffs allege that "in or about July, 2000 [Bressler] was engaged by and agreed to provide legal advice and services in connection with the obtaining of a PPA[.]" (Am. Compl. ¶ 20.) Plaintiffs also ambiguously refer to an "agreement" whereby Defendants "assumed the duty to perform on behalf of . . . Plaintiffs," (*id.* ¶ 23), and later assert that Defendants breached their duty to Plaintiffs pursuant to this agreement. (*Id.* ¶¶ 35, 39.) However, Plaintiffs do not specify who Defendants contracted with nor do they attach a copy of this "agreement" to their pleading.

In support of their motion, Defendants have submitted copies of the retainer letters between Defendants and Treeline. (*See* Defs.' Not. of Mot., Exs. D and E.) Because Plaintiffs' claims "rel[y] heavily upon" the terms of these letters, especially Plaintiffs' claims for professional malpractice and breach of contract, the Court will consider the retainer letters in deciding the present motion.

## II. *Plaintiffs' Claims for Legal Malpractice and Negligent Misrepresentation*

"In order to prevail on a claim of legal malpractice under New York law, a plaintiff must demonstrate '(1) a duty, (2) a breach of the duty, and (3) proof that actual damages were proximately caused by the breach of the duty.'" *Tinelli v. Redl*, 199 F.3d 603, 606 (2d Cir. 1999) (quoting *Marshall v. Nacht*, 569 N.Y.S.2d 113, 114 (2d Dep't 1991)). To recover for negligent misrepresentation under New York law, a plaintiff must satisfy the following elements:

> (1) the defendant had a duty, as a result of a special relationship, to give correct information; (2) the defendant made a false

5

representation that he or she should have known was incorrect; (3) the information supplied in the representation was known by the defendant to be desired by the plaintiff for a serious purpose; (4) the plaintiff intended to rely and act upon it; and (5) the plaintiff reasonably relied on it to his or her detriment.

*Hydro Invs., Inc. v. Trafalgar Powers, Inc.,* 227 F.3d 8, 20 (2d Cir. 2000) (citations omitted). Both claims require privity between the parties. *See Parrott v. Coopers & Lybrand, L.L.P.*, 95 N.Y.2d 479, 483 (2000) (claim for negligent misrepresentation requires privity); *Rovello v. Klein*, 757 N.Y.S.2d 496, 496 (2d Dep't 2003) ("It is well established that, with respect to attorney malpractice, absent fraud, collusion, malicious acts, or other special circumstances, an attorney is not liable to third parties, not in privity, for harm caused by professional negligence.") (citations omitted); *see also Chinello v. Nixon, Hargrave, Devans & Doyle LLP*, 788 N.Y.S.2d 750 (4th Dep't 2005) (same). To satisfy the privity requirement, the relationship between the parties must be one of "'actual privity of contract,'" or "'so close as to approach that of privity.'" *State of Ca. Public Employees' Ret. Sys. v. Shearman & Sterling*, 95 N.Y.2d 427, 434 (2000) (quoting *Prudential Ins. Co. of Am. v. Dewey, Ballantine, Bushby, Palmer & Wood*, 80 N.Y.2d 377, 382 (1992)); *Parrott*, 95 N.Y.2d at 483.

In its previous decision, the Court held that Plaintiffs had failed to allege that they were in privity with Defendants or that they had a relationship approaching privity. In their Amended Complaint, Plaintiffs once again do not allege that actual privity exists between them and the Bressler law firm. In fact, the Retainer Agreements demonstrate that "Treeline Garden City LLC" retained Defendants as counsel, not the Plaintiffs. (*See* Defs.' Not. of Mot. Exs. D and E.) Instead, Plaintiffs contend that a relationship which approaches privity is present.

New York courts narrowly interpret the exception to the requirement of actual

privity. *See, e.g.*, *Williams and Sons Erectors, Inc. v. South Carolina Steel Corp.*, 983 F.2d 1176, 1182 (2d Cir. 1993) (New York courts have recognized that "'[t]he ambit of duty created by privity and relationships so close as to approach that of privity is narrowly defined in this State'") (quoting *Prudential-Bache Secs., Inc. v. Resnick Water Street Dev. Co.*, 555 N.Y.S.2d 367 (1st Dep't 1990)); *Houbigant, Inc. v. Development Specialist, Inc.*, 229 F. Supp. 2d 208, 216 (S.D.N.Y. 2002) (noting that "exception to the privity rule has been construed narrowly"). Absent contractual privity,

> A relationship is considered "so close as to approach that of privity" when the following criteria are met: 1) the defendant makes a statement with the awareness that the statement was to be used for a particular purpose; 2) a known party or parties rely on this statement in furtherance of that purpose; and 3) there is some conduct by the defendant linking it to the party or parties and evincing defendant's understanding of their reliance.

*Aetna Cas. and Sur. Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566, 584 (2d Cir. 2005) (citing *Ossining Union Free School Dist. v. Anderson LaRocca Anderson*, 73 N.Y.2d 417, 425 (1989) and *Credit Alliance Corp. v. Arthur Andersen & Co.*, 65 N.Y.2d 536 (1985), *order amended on other grounds*, 66 N.Y.2d 812 (1985)); *see also Prudential Ins. Co.*, 80 N.Y.2d at 382 (same).

In support of their argument that the Amended Complaint adequately alleges a relationship approaching privity, Plaintiffs rely primarily on the following allegations:

> 20. . . . . Upon information and belief, at the time of [Defendants'] engagement [Defendants] knew that the benefits for which their services were engaged were benefits which would immediately and directly be realized by [Treeline's owners] and Plaintiffs . . . and that the individuals with whom [Defendants were] dealing were acting on behalf of Plaintiffs as well as [Treeline's owners]."
>
> 22. That prior to, at and after the time of [their] engagement, defendants knew that their services were being engaged for the purposes mentioned herein and for the immediate and direct benefit

7

> of [Treeline's owners] and Plaintiffs as well as [Treeline and its owners] and that the expertise and advice of defendants would be relied upon by [Treeline, its owners,] and Plaintiffs in determining a proper course of action to entitle them to the benefits of Internal Revenue Code § 1031 and to avoid any liability for the adverse environmental conditions which existed at the Premises. . . .
>
> 28. That at the time the representations were made, defendants were aware that the representations were to be utilized by the Plaintiffs and [Treeline's owners] to determine whether to proceed with the purchase of the Premises, under what terms the Premises would be purchased, and whether to utilize the purchase of the Premises for the purpose of availing Plaintiffs and [Treeline's owners] of the tax avoidance provisions of § 1031 of the Internal Revenue Code.
>
> 29. That at the time the representations were made defendants knew and intended that Plaintiffs and [Treeline's owners] would rely thereon for the foregoing purposes. That such knowledge was evinced by Defendants by the oral statements of Kim and Reger to that effect and by their statements to others that the proposed purchase of the Premises would not proceed unless the requirements of § 1031 of the Internal Revenue Code were met.

(Am. Compl. ¶¶ 20, 22, 28-29.) Essentially, Plaintiffs' Amended Complaint mirrors the original Complaint but for the addition of allegations to the effect that Defendants knew their services would immediately and directly benefit Plaintiffs and that Plaintiffs would rely thereon. These new allegations do not cure the deficiencies of the original Complaint as there is not a single new allegation of fact linking Defendants to Plaintiffs. *See LNC Invs., Inc. v. First Fidelity Bank, Nat'l Ass'n*, 935 F. Supp. 1333, 1351 (S.D.N.Y. 1996) (denying defendant's motion to implead law firm for contribution where plaintiffs themselves had no viable claim for malpractice against law firm: "[P]laintiffs' relationship with Gibson, Dunn never approached privity. Gibson, Dunn never provided plaintiffs with a legal opinion, or any legal advice on which plaintiffs reasonably might have relied. In fact, Gibson, Dunn had no direct dealings with plaintiffs."); *see also Ahmed*

*v. Trupin*, 809 F. Supp. 1100, 1106 (S.D.N.Y. 1993) (finding plaintiffs failed to state a claim of negligence against attorney: "A lawyer employed or retained by a corporation or similar entity owes his allegiance to that entity, not to every person connected with that entity."); *Baker v. Levitin*, 622 N.Y.S.2d 8, 9 (1st Dep't 1995) (denying plaintiff's motion to amend complaint to add wife as plaintiff in malpractice suit because there was no privity between wife and attorney; husband was party who retained attorney); *Deni v. Air Niagara*, 594 N.Y.S.2d 468, 469 (4th Dep't 1993) (finding lower court properly denied motion for leave to amend where "[p]laintiffs, as shareholders, were not in privity by reason of defendant law firm's representation of the corporation or its President."). In fact, the Amended Complaint alleges that "*all* representations were made orally *to Glenn Schor and Michael Schor on behalf of Plaintiffs* . . . continuously on various dates in each month between May and December 2000." (Am. Compl. ¶ 27 (emphasis added).)

Plaintiffs argue that privity "does not require direct contact between a plaintiff and a professional being sued for malpractice," (Pls.' Mem. at 9), relying primarily on *White v. Guarente*, 43 N.Y.2d 356 (1977). However, to the extent *White* stood for that proposition, it is no longer good law. In *Securities Inv. Protection Corp. v. BDO Seidman, LLP*, 222 F.3d 63 (2d Cir. 2000), the Second Circuit stated:

> To demonstrate linking conduct, a plaintiff generally must show some form of direct contact between the [professional] and the plaintiff, such as a face-to-face conversation, the sharing of documents, or other "substantive communication" between the parties. . . . Where direct contact between the [professional] and the plaintiff has been nonexistent or even minimal, however, the plaintiff cannot recover for negligence.

*Id.* at 75 (citing *Prudential Ins. Co.*, 80 N.Y.2d at 385 and *Credit Alliance*, 65 N.Y.2d at 554); *see*

9

*also Securities Investor Protection Corp. v. BDO Seidman, LLP*, 95 N.Y.2d 702 (2001) (plaintiff cannot establish "linking conduct" with accountant where plaintiff had only minimal direct contact with accountant). Unlike the present action, in cases where the court imposed liability despite a lack of actual privity, some form of linking conduct was clearly present, such as a lawyer preparing an opinion letter at the direction of his client which is addressed to the third party or which expressly invites the third party's reliance. *See, e.g.*, *Prudential Ins. Co.*, 80 N.Y.2d at 385; *see also Doehla v. Wathne Ltd., Inc.*, No. 98 Civ. 6087, 1999 WL 566311, at *20 (S.D.N.Y. Aug. 3, 1999) ("[T]he only cases of which this Court is aware holding that an attorney had, or was properly alleged to have had, a relationship approaching privity with a third-party are those in which the attorney issued an 'opinion letter' to his client in connection with a transaction for the purpose of reliance by the third-party on its contents.") (citations omitted).

In sum, the Court finds that the Amended Complaint fails to allege that Plaintiffs and Defendants had a relationship so close as to approach that of privity. Accordingly, Plaintiffs' claims for legal malpractice and negligent misrepresentation are hereby dismissed.

### III. *Breach of Contract*

Plaintiffs' second cause of action asserts a claim for breach of contract based upon Defendants' alleged agreement "to provide competent legal advice and services to or for the immediate and direct benefit of . . . Plaintiffs." (Am. Compl. ¶ 39.) In their memorandum of law, Plaintiffs argue that they are "third-party beneficiaries of the contract made between Defendants and plaintiffs in the [Treeline] action." (Pls.' Mem. at 18.)

"The third-party beneficiary concept arises from the notion that it is just and practical to permit the person for whose benefit the contract is made to enforce it against one

whose duty it is to pay or perform." *Fourth Ocean Putnam Corp. v. Interstate Wrecking Co.*, 66 N.Y.2d 38, 45 (1985) (citation and internal quotation marks omitted). Under New York law, a party asserting rights as a third-party beneficiary must establish "the existence of a valid and binding contract between other parties; that the contract was intended for plaintiff's benefit; and the benefit was immediate and not incidental, so as to 'indicate duty to compensate [the plaintiff] if the benefit is lost.'" *Aetna Cas.*, 404 F.3d at 589-90 (quoting *Burns Jackson Miller Summit & Spitzer v. Lindner*, 59 N.Y.2d 314 (1983)). "Generally, only an intended beneficiary of a contract may assert a claim as a third-party beneficiary." *See Mortise v. United States*, 102 F.3d 693, 697 (2d Cir. 1996) (citation omitted).

Here, as evidenced by the two retainer agreements, Plaintiffs have satisfied the first element by establishing the existence of a contract between Treeline Garden City LLC and Defendants. The first retainer provides that Treeline Garden City LLC has selected Bressler to "represent [them] in connection with environmental issues involving the purchase of [the Garden City Land]." (Defs.' Not. of Mot. Ex. D.) The second retainer provides that Treeline Garden City LLC has chosen Bressler to obtain a PPA within 180 days from the date of the agreement. (Defs.' Not. of Mot. Ex. E.) Plaintiffs' third-party beneficiary claim fails, however, because Plaintiffs' general allegations that the contract was intended for their "immediate and direct benefit," (Am. Compl. ¶¶ 20, 22, 39), do not satisfy the second prong of the beneficiary test.

"'Where the contract is clear and unambiguous on its face, the courts must determine the intent of the parties from within the four corners of the instrument.'" *Consolidated Edison, Inc. v. Northeast Utilities*, 426 F.3d 524, 527 (2005) (quoting *Meccico v. Meccico*, 76 N.Y.2d 822, 824 (1990)). Although there is no requirement that a third party be specifically

mentioned in the contract to acquire third-party beneficiary status, "'New York law requires that the parties' intent to benefit a third party must be shown on the face of the agreement.'" *Newman & Schwartz v. Asplundh Tree Expert Co.,* 102 F.3d 660, 663 (2d Cir. 1996) (quoting *In re Gulf Oil/Cities Serv. Tender Offer Litig.*, 725 F. Supp. 712, 733 (S.D.N.Y. 1989)); *Consolidated Edison*, 426 F.3d at 528 ("To create a third party right to enforce a contract, 'the language of the contract' must 'clearly evidence[ ] an intent to permit enforcement by the third party[.]'") (quoting *Fourth Ocean*, 66 N.Y.2d at 45).

Here, the second retainer agreement explicitly states that Bressler will negotiate a prospective PPA "for the benefit of Treeline Garden City LLC and its successors." (Defs.' Not. of Mot. Ex. E.) Neither agreement makes any reference whatsoever to Plaintiffs. Thus, there is no indication that the agreement was intended to confer a benefit on Plaintiffs, spouses and children of Treeline's owners. *See Subaru Distribs., Corp. v. Subaru of Am., Inc.*, 425 F.3d 119, 124 (2005) ("Under New York law, dismissal of a third-party-beneficiary claim is appropriate where the contract rules out any intent to benefit the claimant, or where the complaint relies on language in the contract or other circumstances that will not support the inference that the parties intended to confer a benefit on the claimant.") (citations omitted). Nonetheless, Plaintiffs claim that they would have received tax benefits had Defendants timely obtained the PPA. Even when taking all of the allegations in the Amended Complaint as true, this benefit was entirely incidental to the contract between Treeline and Defendants. *See Cole v. Metropolitan Life Ins. Co.*, 708 N.Y.S.2d 789, 790 (4th Dep't 2000) ("An incidental beneficiary is a third party who may derive [a] benefit from the performance of a contract though he is neither the promisee nor the one to whom performance is to be rendered.") (citation and internal quotation marks omitted).

Accordingly, Plaintiffs have failed to establish that they were third-party beneficiaries and, therefore, their breach of contract claim must fail.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Plaintiffs' Amended Complaint is GRANTED in its entirety. The Clerk of the Court is directed to close this case.

**SO ORDERED**

Dated: Central Islip, NY
 February 10, 2006

/s_____
Denis R. Hurley,
United States District Judge